**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**ASHLEY BENEDICT,**

Plaintiff,

vs.

CASE NO.
HON.

**MICHIGAN DEPARTMENT OF CORRECTIONS, WILLIAM RHULMAN, TERESA PEIFFER, LORI GIDLEY, DAVID BERGH, and FRANK BERNSTEIN, in their individual and official capacities,**

Defendants.


| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |
|---|---|


THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ASHLEY BENEDICT**, by and through her attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for her Complaint against the above-named Defendants, states as follows:

1. Plaintiff, ASHLEY BENEDICT, is a resident of the City of Port Huron, County of St. Clair in the Northern Division of the Eastern District of the State of Michigan.

2. Defendant Michigan Department of Corrections is a governmental subdivision organized under the laws of the State of Michigan and at all relevant times was and is Plaintiff's employer.
3. Defendant DAVID BERGH is the warden of the Thumb Correctional Facility and was acting within the course and scope of his employment, under color of law, in his individual and official capacity, has the authority to discipline and terminate employees, and perpetuated a hostile work environment against Plaintiff as alleged in this Complaint.
4. Defendant LORI GIDLEY was the deputy warden of the Thumb Correctional Facility at all relevant times alleged in this Complaint and was acting within the course and scope of her employment, under color of law, in her individual and official capacity, had the authority to discipline and terminate employees, and perpetuated a hostile work environment against Plaintiff as alleged in this Complaint.
5. Defendant TERESA PEIFFER is a corrections officer at the Thumb Correctional Facility with the rank of captain and was acting within the course and scope of her employment, under color of law, in her individual and official capacity, has the authority to discipline and terminate employees, and perpetuated a hostile work environment against Plaintiff as alleged in this Complaint.
6. Defendant BERNSTEIN is a corrections officer at the Thumb Correctional Facility with the rank of Lieutenant and was acting within the course and scope of his employment, under color of law, in his individual and official capacity, has the authority to discipline and terminate employees, and perpetuated a hostile work environment against Plaintiff as alleged in this Complaint.

7. Defendant WILLIAM RHULMAN is MPRI Coordinator at the Thumb Correctional Facility and was acting within the course and scope of his employment, under color of law, in his individual and official capacity, has the authority to discipline and terminate employees, and perpetuated a hostile work environment against Plaintiff as alleged in this Complaint.

8. All relevant events giving rise to this lawsuit occurred in the City of Lapeer, County of Lapeer, State of Michigan.

9. This is an action to involving violations of Plaintiff's civil rights, as secured by the United States and Michigan constitutions, and the Michigan Elliott-Larsen Civil Rights Act.

10. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

11. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**FACTS**

12. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

13. Plaintiff is a female and is a member of a protected class.

14. Plaintiff began her employment with the Michigan Department of Corrections as a corrections officer at the Thumb Correctional Facility on or about March 12, 2006.

15. In the years that Plaintiff has been employed by the Michigan Department of Corrections (hereinafter MDOC) Plaintiff has had positive performance evaluations and has been an exemplary employee.

16. That beginning in 2009, Defendant Rhulman has subjected Plaintiff to numerous incidents of unwanted sexual harassment in the form of sexually explicit e-mails, Facebook messages, and texts messages and requests for sexual favors in which Plaintiff expressly opposed and reported same to Defendants.

17. That on or about September 23, 2011, Defendant Rhulman sent Plaintiff a sexually explicit image of his genitals and left a voicemail on her phone expressing to her that he was masturbating.

18. That despite Plaintiff opposing all acts of sexual harassment by Defendant Rhulman, he continued to call her and summon her to his office where he repeatedly requested that she engage in sexual acts with him.

19. That in May or June of 2012, Plaintiff was again summoned to Defendant Rhulman's office where he asked Plaintiff why she had been acting different lately.

20. That in response, Plaintiff informed Defendant Rhulman that her friend had recently passed away in which he asked her if she would like to "make out" with him.

21. That Plaintiff immediately and expressly denied Defendant Rhulman's request, asked that he leave her alone, and then left his office.

22. That after Plaintiff denied Defendant Rhulman's request, she was transferred from the Essex unit.

23. That as a result of the unjust transfer, Plaintiff is frequently passed over for mandatory overtime.

24. That Plaintiff reported Defendant Rhulman's acts of sexually harassment against her to Defendant Bernstein in which Defendant Bernstein informed her to not repeat same or he would "have to report it."

25. That despite requesting for and being granted approved sick time for work days December 15, 2012 and December 16, 2012, Plaintiff was issued "lost time" for missing work due to illness by Defendant Gidley and was not paid for same.

26. Plaintiff filed a grievance against Defendant Gidley for this retaliatory action which, upon information and belief, was done as a result of Plaintiff reporting the sexual harassment.

27. That on or about February 5, 2013 after she reported the sexual harassment, Plaintiff was suspiciously and unjustly issued an Employee Disciplinary Report, where she was suspended for three days without pay for allegedly behaving inappropriately when she was told that her position was being reassigned, which Plaintiff denies.

28. That on or about February 26, 2013, Plaintiff filed a written complaint with Defendant MDOC where she reported the sexual harassment against Defendant Rhulman and retaliation for opposing said harassment.

29. That on or about March 1, 2013, Plaintiff filed two written complaints with Defendant MDOC where she reported disparity of treatment against her by Defendant Rhulman as well as harassment and defamation of character against her by Defendant Rhulman and Defendant Gidley.

30. That Defendants, upon information and belief, retaliated against Plaintiff for reporting and/or opposing the sexual harassment and/or gender discrimination by threatening to discipline her for alleged insubordination, unjustifiably investigating her, unlawfully suspending her numerous times without pay, and denying her overtime.

31. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff, as described in this Complaint, she sustained injuries and damages including, but not necessarily limited to:

    a. Loss of earnings, past, present, and future;

    b. Loss of earning capacity;

    c. Loss of career opportunities;

    d. Loss of fringe and pension benefits, past, present, and future;

    e. Mental and emotional distress;

    f. Embarrassment and humiliation;

    g. Loss of reputation and esteem among her friends, family and in the community; and

    h. Loss of the ordinary pleasures of everyday life.

**COUNT I**
**VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**HOSTILE WORK ENVIRONMENT**

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. Plaintiff is a female and is a member of a protected class under the Michigan's Elliott-Larsen Civil Rights Act.

34. Plaintiff was subjected to a hostile work environment in the form of degrading, demeaning, humiliating and offensive treatment, statements, conduct, and physical contact, and unwanted sexual harassment that was directed toward Plaintiff by Defendants and their employees, agents and/or servants.

35. The hostile work environment was based upon Plaintiff's sex.

36. The hostile work environment had the effect of unreasonably interfering with Plaintiff's work environment.

37. Defendants had notice of Plaintiff's hostile work environment and are liable under *Respondeat Superior.*

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest and costs, reasonable attorney fees, and punitive, compensatory, and exemplary damages for damages so wrongfully sustained, along with any other relief in which Plaintiff may be entitled to in law and equity.

**COUNT II**
**VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**SEX DISCRIMINATION—DISPARATE TREATMENT**

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Plaintiff is a female and is a member of the protected class under Michigan's Elliott-Larsen Civil Rights Act.

40. Plaintiff was and is qualified for all the positions she has held and holds at Michigan Department of Corrections.

41. Plaintiff's sex was a factor that made a difference in Defendants' decision to subject her to the wrongful and discriminatory treatment described herein.

42. If Plaintiff had been a male, then she would not have been treated in the manner described herein.

43. Defendants took actions that were adverse to Plaintiff's employment and intentionally discriminated against Plaintiff because of her sex.

44. Any "legitimate, nondiscriminatory reasons" for the adverse employment actions taken against Plaintiff are a pretext for unlawful discrimination.

45. Plaintiff was discriminated against because she is a female.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest and costs, reasonable attorney fees, and punitive, compensatory, and exemplary damages, for damages so wrongfully sustained, along with any other relief in which Plaintiff may be entitled to in law and equity.

**COUNT III**
**VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**UNLAWFUL RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**

46. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

47. By opposing unlawful discrimination and sexual harassment directed against her by Defendants, their employees and agents, Plaintiff was engaged in an activity protected under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA").

48. Defendants knew of Plaintiff's exercise of her civil rights because, *inter alia*, Plaintiff had repeatedly complained to them both verbally and in writing of their unlawful treatment toward her.

49. Plaintiff's opposition was a significant factor in adverse employment actions against her, including, but not limited to: retaliation, unwarranted disciplines; denial of opportunities; and unwarranted suspensions without pay.

50. Plaintiff's exercise of her civil rights, as alleged in this Complaint, was a direct and proximate cause of Defendants' adverse employment actions.

51. Any "legitimate, nondiscriminatory reasons" for the adverse employment actions taken against Plaintiff are a pretext for unlawful discrimination.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest and costs, reasonable attorney fees, and punitive, compensatory, and exemplary damages, for damages so wrongfully sustained, along with any other relief in which Plaintiff may be entitled to in law and equity.

**COUNT IV**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT**
**EQUAL PROTECTION VIOLATION**

52. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

53. Defendants were at all times relevant to this action acting under color of law and within the scope of their employment.

54. Despite the fact that Defendants were on notice that Plaintiff was being treated differently than other employees on the basis of her gender, they failed to protect her.

55. In fact, adverse action was taken against Plaintiff on the basis of the above referenced characteristics that were not taken against similarly situated employees who did not share Plaintiff's gender characteristics.

56. Defendants' actions violate Plaintiff's constitutional right to equal protection under the law.

57. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest and costs, reasonable attorney fees, and punitive, compensatory, and exemplary damages, for damages so wrongfully sustained, along with any other relief in which Plaintiff may be entitled to in law and equity.

**COUNT V**
**42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT**
**SUBSTANTIVE DUE PROCESS VIOLATION**

58. Plaintiff reallages and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59. Defendants were at all times relevant to this action acting under color of law and within the course and scope of their employment.

60. The Fourteenth Amendment prohibits a state created entity, such as the Michigan Department of Corrections, from depriving Plaintiff of a property right, liberty interest, bodily integrity, and/or reputation and "good name" without due process of law.

61. The policies and procedures enacted by Defendants and their arbitrary and capricious acts toward Plaintiff rendered her more vulnerable to gender discrimination and to sexual harassment.

62. Because Defendants' policies and procedures and arbitrary and capricious actions rendered Plaintiff more vulnerable to gender discrimination and to sexual harassment, their actions implicated fundamental rights expressly guaranteed by the Constitution of the United States, or arising by implication of law.

63. In addition, the arbitrary and capricious nature of Defendants' actions and their deliberate disregard of Plaintiff's bodily integrity, by creating an intentionally dangerous work environment for her, violated her Constitutional rights.

64. Defendants had a duty to protect Plaintiff's fundamental rights expressly guaranteed by the Constitution of the United States, or arising by implication of law.

65. Defendants had ample time in which to contemplate the consequences, and ramifications of its policies and procedures, and of its arbitrary and capricious actions toward Plaintiff, and it either understood or should have understood, that Plaintiff's fundamental rights to property, liberty interests, bodily integrity, and/or reputation and "good name" was endangered by its actions.

66. Notwithstanding that Defendants knew or should have known of the danger to Plaintiff's fundamental rights, Defendants deliberately, callously, arbitrarily, and capriciously chose not to correct the situation they had created and perpetuated.

67. As a result of Defendants' conduct complained of herein, Plaintiff suffered deprivation of clearly established rights protected and secured by the Fourteenth Amendment to the United States Constitution and the Bill of Rights.

68. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), along with interest and costs, reasonable attorney fees, and punitive, compensatory, and exemplary damages, for damages so wrongfully sustained, along with any other relief in which Plaintiff may be entitled to in law and equity.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Amy J. DeRouin**

CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 866-8650
amy.derouin@cjtrainor.com

Dated: September 22, 2014
*AJD/aml*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

**ASHLEY BENEDICT,**

Plaintiff,

vs.

CASE NO.
HON.

**MICHIGAN DEPARTMENT OF CORRECTIONS, WILLIAM RHULMAN, TERESA PEIFFER, LORI GIDLEY, DAVID BERGH, and FRANK BERNSTEIN, in their individual and official capacities,**

Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |
|---|---|

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **ASHLEY BENEDICT**, by and through her attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and hereby demands a jury trial on the issues in the above-referenced matter.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**__/s/ Amy J. DeRouin________________**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 866-8650

Dated: September 22, 2014
*AJD/aml*