UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY BENEDICT,

     Plaintiff,

vs.                                                                                    Case No. 14-13668

                                          HON. AVERN COHN

WILLIAM RHULMAN, THERESA PEIFFER,
LORI GIDLEY, DAVID BERGH, and
FRANK BERNSTEIN, individually,

     Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO**
**DISMISS (Docs. 14, 21)**

**I. Introduction**

     This is an employment and 42 U.S.C. § 1983 civil rights case. Plaintiff, Ashley

Benedict is suing defendants William Rhulman, Teresa Peiffer, Lori Gidley, David

Bergh, and Frank Bernstein[1] making claims under state and federal law related to her

employment with the Michigan Department of Corrections (MDOC) Thumb Correctional

Facility. Peiffer, Bernstein, and Rhulman are corrections officers. Bergh is the Warden

at the Thumb Correctional Facility and Gidley is the Deputy Warden.

---

    [1]Benedict initially also sued the Michigan Department of Corrections and named
all the individual defendants in their official and individual capacities. The Michigan
Department of Corrections and all official capacity claims were subsequently dismissed
on stipulation of the parties. (Doc. 12).

The First Amended Complaint, the governing complaint, asserts the following claims:

Count I:       Violation of the Michigan (ELCRA) – Hostile Work Environment

Count II:      Violation of the Michigan ECRLA – Disparate Treatment

Count III:     Violation of the Michigan ELCRA – Unlawful Retaliation for Engaging in a Protected Activity

Count IV:      Equal Protection Violation under 42 U.S.C. § 1983, Fourteenth Amendment

Count V:       Substantive Due Process Violation under 42 U.S.C. § 1983, Fourteenth Amendment

Before the Court is Peiffer, Bergh, Gidley and Bernstein's partial motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (Doc. 14).  The motion addresses only Benedict's federal claims, contending that she has failed to allege plausible claims against them under federal law.  They further ask that the Court decline to exercise supplemental jurisdiction over Benedict's state law claims.

Rhulman, proceeding pro se, has also filed a motion to dismiss.  (Doc. 21).[2]

_____

[2]Rhulman previously filed an answer.  (Doc. 13).  Although Benedict argues that Rhulman's motion to dismiss must be denied because he already filed an answer, the Court treats the motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).  See Satkowiak v. Bay Cnty. Sheriff's Dep't, 47 F. App'x 376, 377 n. 1 (6th Cir.2002); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436, n. 1 (6th Cir.1988) (construing post-answer Rule 12(b)(6) motion as a Rule 12(c) motion); Wagner v. Higgins, 754 F.2d 186, 188 (6th Cir. 1985) (holding that "where the substance of the motion is plain," it is proper to treat a motion styled as one under Rule 12(b)(6) as if it were brought under Rule 12(c)); see also Fed.R.Civ.P. 12(h) (a Rule 12(b)(6) failure to state a claim defense and a Rule 12(b)(7) failure to join a party defense can be raised in a pleading, in a rule 12(c) motion, or even at trial).

For the reasons that follow, Peiffer, Bergh, Gidley and Bernstein's motion will be granted in part and denied in part. Benedict's claims against Bergh and Peiffer will be dismissed. Rhulman's motion will be denied.

## II. Background

As alleged in the First Amended Complaint, Benedict, a female, began working for the MDOC on March 12, 2006. First Amended Complaint (FAC) at ¶ 13-14. Beginning in 2009, Benedict says she was sexually harassed by Rhulman, the MPRI coordinator at the Thumb Correctional Facility. Id. at ¶ 16. She says Rhulman would send sexually explicit e-mails, Facebook messages, and text messages. Rhulman would also request sexual favors, which Benedict expressly opposed. Id. Benedict alleges that as a result, she was transferred from the Essex Unit and passed over for mandatory overtime in retaliation for opposing Rhulman's advances. Id. at ¶ 22, 23.

Benedict also says she was retaliated against for reporting the sexual harassment to Bernstein, a Lieutenant Corrections Officer at the Thumb Correctional Facility, who allegedly told Benedict not to repeat the same or he would "have to report it." Id. at ¶ 24. Soon after, Benedict was issued "lost time" for missing work due to illness by Gidley. Id. at ¶ 25. On February 5, 2013, after she reported the sexual harassment, Benedict was issued an Employee Disciplinary Report and a three day suspension. Id. at ¶ 27. Benedict alleges that Defendants "retaliated against [her] for reporting and/or opposing sexual harassment and/or gender discrimination by threatening to discipline her for her alleged subordination, unjustifiably investigating her, unlawfully suspending her numerous times without pay, denying her overtime and subsequently terminating her employment on...October 27, 2014." Id. at ¶ 30.

### III.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).  The court is "not bound to accept as true a legal conclusion couched as factual allegation." Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation removed).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

### IV.  Analysis

## A. Equal Protection Claim

### 1. Legal Standard

"The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspected class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." Rondigo, L.L.C. v. Township of Richmond, 641 F.3d 673, 681–82 (6th Cir. 2011).  Here, Benedict alleges that she was a target of discriminatory treatment because she is a member of a suspect class.

"[I]n order to establish a prima facie case, the plaintiff must set forth the following elements: 1) he was a member of a protected class; 2) he was subject to an adverse employment action; 3) he was qualified for the job; and 4) for the same or similar conduct, he was treated differently from similarly situated [non-female] employees." Perry v. McGinnis, 209 F.3d 597, 601 (6th Cir.2000).

Benedict alleges she is a member of a protected or suspect class because she is a female.  She also alleges she was discriminated against in a number of ways because of her membership in this class.  She also alleges an adverse action was taken against Benedict on the basis of her gender that were not taken against similarly situated employees who were not of the same gender as Benedict.  FAC at ¶ 53-54.  Thus, she has alleged the requisite elements of a claim.  However, whether or not she has alleged a plausible claim against each defendant is discussed in turn below.

### 2. Defendants

### a. Rhulman

Benedict alleges that beginning in 2009, Rhulman subjected her to "numerous incidents of unwanted sexual harassment in the form of sexually explicit e-mails, Facebook messages, and text messages and requests for sexual favors."  FAC at ¶ 16. Benedict further alleges that on September 23, 2011, Rhulman sent Benedict a sexually explicit image of his genitals and left a voicemail on her phone expressing to her that he was masturbating. Id. at ¶ 17.  When Benedict expressly opposed Rhulman's numerous acts, she was transferred from the Essex Unit and passed over for mandatory overtime . Id. at 22.

Benedict's allegations, examined in their most favorable light, are sufficient to set forth a prima facie equal protection violation against Rhulman.  The FAC contains detailed factual allegations, which, if true, show that she was the target of intentional discrimination by Rhulman because she was a female.  Thus, Benedict's claim against Rhulman survives dismissal.

### b. Bernstein and Gidley

Benedict alleges that she reported Rhulman's acts of sexual harassment against her to Defendant Bernstein and that instead of taking action, Bernstein informed her not to repeat the same or he would "have to report it."  FAC at ¶ 24.Benedict further alleged that despite her requests and granted approval for sick time for work days December 15th and 16th of 2012, Gidley issued Benedict "lost time" for missing work due to illness and Benedict was not paid for the same.  FAC at ¶ 25.

Despite their argument to the contrary, the FAC contains detailed factual allegations, which, if true, show that Benedict was the target of intentional discrimination

by Bernstein because she is a female who was reporting sexual harassment against a male counterpart.  Benedict's Complaint also contains detailed factual allegations that Gidley intentionally discriminated against Benedict when Gidley issued Benedict "lost time" in retaliation for reporting the sexual harassment against Defendant Rhulman. And, despite Defendants' statement to the contrary, Benedict does not rely on conclusory legal statements, but rather cites a direct exchange with Defendant Bernstein that, if taken as true, demonstrates an unwillingness to protect Benedict.

Viewing the allegations in the FAC most favorably to Benedict, Benedict has alleged a plausible equal protection claim against Bernstein and Gidley.

### c.  Bergh and Peiffer

Benedict, however, has not made any factual allegations that Bergh and Peiffer were personally involved in or knowingly acquiesced or approved of the alleged discriminatory actions.  Indeed, other than to identify them as defendants, the FAC makes no other specific mention of them whatsoever.  Absent such allegations, she has not stated a plausible claim for relief against either of them.  See Leach v. Shelby Cnty. Sherriff, 891 F.2d 1241, 1246 (6th Cir.1989).  Therefore, Benedict's equal protection claim against Bergh and Peiffer must be dismissed.

### B.  Substantive Due Process Claim

### 1.  Legal Standard

Benedict claims that Defendants violated her substantive due process rights under § 1983.  In order to state a substantive due process claim, Benedict must state facts to show that Defendants interfered with a fundamental right or liberty interest that

is accorded special constitutional protection.  See Washington v. Glucksberg, 521 U.S.

702, 719–20 (1997).  Fundamental rights protected by the Due Process Clause include

the right to marry, to have children, to direct the education and upbringing of one's

children, to marital privacy, to use contraception, and to bodily integrity.  Id. at 720.

The Sixth Circuit recognizes two types of substantive due process violations: "(1)

official acts that are unreasonable and arbitrary and may not take place no matter what

procedural protections accompany them, and (2) official conduct that 'shocks the

conscience .'' Harris v. City of Akron, 20 F.3d 1396, 1405 (6th Cir.1994) (citations and

internal quotation marks omitted)."Actions meet this high standard if they are an

'egregious abuse of governmental power.' '' Kinross Charter Twp. v. Osborn, No.

06–CV–245, 2007 WL 4284861, at *16 (W.D. Mich. Dec. 3, 2007) (quoting Shehee v.

Luttrell, 199 F.3d 295, 301 (6th Cir.1999)).

A public employee's interest in continued employment is not a fundamental

interest protected by substantive due process.  Sutton v. Cleveland Bd. of Educ., 958

F.2d 1339, 1351 (6th Cir.1992).

Again, Benedict's claim as to each defendant is examined in turn below.

## 2. Defendants

### a. Rhulman

Benedict has plead a plausible substantive due process claim against Rhulman.

The allegations of his conduct, set forth above, state that Rhulman subjected Benedict

to sexually explicit behavior and requested sexual favors, Benedict has plead a

plausible claim that her constitutional right to bodily integrity was violated.  Therefore,

her claim against Rhulman survives dismissal.

### b. Bernstein and Gidley

Benedict has also sufficiently pled a substantive due process claim against Bernstein. Benedict alleges that she reported Rhulman's sexual harassment to Bernstein, and therefore Bernstein was on notice that Benedict's bodily integrity had been compromised. Benedict further alleges that instead of reporting the harassment, Bernstein threatened Benedict not to repeat the report. Bernstein's conduct may be construed as further perpetuating the sexual harassment and compromising Benedict's bodily integrity and/or may "shock the conscience." Either way, Benedict has pled sufficient factual allegations against Bernstein to survive dismissal.

The same is true with respect to Gidley. Benedict alleges that Gidley issued Benedict "lost time" instead of "sick time," despite the fact that Benedict's sick time had been previously approved and granted. FAC at ¶ 25. Benedict also alleges that Gidley issued the lost time in retaliation to Benedict reporting Rhulman's sexual harassment. Assuming these allegations are true, it is plausible that Gidley's actions "shock the conscience."

### c. Bergh and Peiffer

Like her equal protection claim, Benedict has not made factual allegations that Bergh and Peiffer were personally involved in, or knowingly acquiesced or approved of, the alleged substantive due process violations in the FAC. Bergh's status as Warden alone is insufficient in alleging he is liable for Benedict's substantive due process claims. Likewise, the FAC contains no allegations that Peiffer contributed to the substantive due process violation. Benedict's substantive due process claims against Defendants Bergh and Peiffer, examined in their most favorable light cannot possibly "shock the

conscience." The absence of any allegations that either Bergh or Peiffer affirmatively deprived Benedict of her constitutional right to bodily integrity defeats a substantive due process claim.

## C.  Qualified Immunity

Defendants also argue that even if Benedict has plead viable federal claims against them, they are entitled to qualified immunity.  This argument is premature.  For purposes of the analysis in a motion to dismiss, the factual allegations are taken as true and meet the plausibility requirement sufficient to allow the parties to engage in discovery.  To adopt the Defendants' argument that the conduct alleged does not violate Benedict's rights would be to engage in impermissible fact-finding which is premature at this stage of the litigation.  See Grose v. Caruso, 284 F. App'x 279, 283–84 (6th Cir. 2008) (challenges based upon qualified immunity usually the subject of summary judgment motions as the analysis is usually fact-dependent and requires development of the record).

## D.  State Law Claims

Defendants contend that because Benedict's federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over her state law claims, resulting in dismissal of the FAC.  In light of the Court's conclusion that some of Benedict's claims survive dismissal, this argument is moot.

## VI.  Conclusion

For the reasons stated above, Peiffer, Bergh, Gidley and Bernstein's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Benedict's claims against Bergh and Peiffer are DISMISSED. Rhulman's motion to dismiss is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 14, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160